IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

KIMBERLY ASPER,

                                                                                          CV 08-62-M-DWM-JCL

                 Plaintiff,

   vs.

                                                                                         ORDER

COSTCO WHOLESALE CORPORATION,

                 Defendant.
_____

**I.    Introduction**

     Plaintiff Kimberly Asper brought this action in state court alleging she was wrongfully discharged from her employment with Defendant Costco Wholesale Corporation ("Costco") in violation of Montana's Wrongful Discharge from Employment Act. ("WDEA"), Mont. Code Ann. §§ 39-2-201 et seq. After Costco removed the case to this Court, the parties agreed to submit their dispute to binding arbitration under the Uniform Arbitration Act ("UAA"), Montana Code Annotated §§ 27-5-111 et seq. Upon joint motion of the parties, the Court stayed this action during the pendency of the arbitration proceedings.

     A final award was issued by the arbitrator on April 25, 2011. Thereafter, on May 9, 2011, Costco filed an application to confirm and enforce the arbitration

1

award whereby Asper was awarded $111,688 in damages upon her WDEA claim, and judgment entered in favor of Costco on Asper's claims for defamation and violations of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1101 et seq. In response to Costco's application for confirmation, Asper filed a motion with the arbitrator titled Motion for Modification and Correction of the Arbitration Award. And she asked this Court to stay any ruling on Costco's application for confirmation until the arbitrator has ruled on her motion seeking modification or correction of the arbitration award. Although Asper states, in conclusory fashion, that the arbitrator exceeded his powers in rendering the award, she offers no substantive argument in support of that assertion.

## II. Discussion

The first issue presented is whether this Court may stay proceeding upon Costco's application for confirmation of the arbitration award to allow the arbitrator an opportunity to address Asper's motion for modification or correction. The answer is no.

Because this action was removed to this Court under diversity jurisdiction, the Court applies the substantive law of Montana, the forum state. *Medical Laboratory Management Consultants v. American Broadcasting Companies*, 306 F.3d 806, 812 (9th Cir. 2002) (citation omitted). Recognizing, however, that the

Montana Supreme Court has not had occasion to adjudicate the issue at hand under Montana substantive law, this Court must make a reasonable determination of the result that Court would reach if it were presented with the issue. *Id.* (citing *Kona Enterprises. Inc. v. Estate of Bishop*, 229 F.3d 877, 885 n. 7 (9th Cir. 2000) (quoting *Aetna Cas. & Sur. Co. v. Sheft*, 989 F.2d 1105, 1108 (9th Cir. 1993)).

The issue before the Court calls into question the construction to be afforded Montana Code Annotated Section 27-5-217, which provides in relevant part:

> **A change of award by arbitrators.** On the application of a party or, if an application to the court is pending under 27-5-311, 27-5-312, or 27-5-313, on submission to the arbitrators by the court under conditions that the court may order, the arbitrators may modify or correct the award upon the grounds stated in 27-5-313(1)(a) and (1)(c) or for the purpose of clarifying the award. The application must be made within 20 days after delivery of the award to the applicant. ...

Costco argues Section 27-5-217 operated to divest the arbitrator of jurisdiction to modify or correct the award once Costco's application for confirmation of the award was filed with the Court. Asper retorts that because her application seeking modification or correction of the award was presented to the arbitrator within twenty days after delivery of the award, the arbitrator retains jurisdiction despite Costco's pending application for confirmation under Section 27-5-311.

3

The force of Costco's argument derives from the plain language of Section 27-5-217 and the decisions of those courts in sister states interpreting like provisions of the UAA. Asper's argument, in contrast, gains little support from the text of the statute and she cites no decisional law supporting the construction of Section 27-5-217 that she advocates.

As an initial matter, the Court notes that when interpreting Montana's version of the UAA, the Montana Supreme Court – consistent with the directive of Section 27-5-112 – looks to applicable decisional law from sister states which have also adopted the UAA.[1] *Duchscher v. Vaile*, 887 P.2d 181, 183 (Mont. 1994); *May v. First National Pawn Brokers Ltd.*, 887 P.2d 185, 191 (Mont. 1994). Recognizing that the Montana Supreme Court has not been called upon to interpret Section 27-5-217, Costco cites *Baxter Health Care Corporation v. Harvard Apparatus Inc.*, 617 N.E. 1018 (Mass. App. Ct. 1993), in support of its position.

In *Baxter*, the court construed Massachusetts' counterpart to Section 27-5-217 to mean that "[i]f a party, acting under § 9, seeks to modify or correct an award, application to the arbitrator must be made within twenty days of the

---

[1] Section 27-5-112 provides: **Uniformity of interpretation**. This chapter must be construed to effectuate its general purpose to make uniform the law of those states that enact it.

delivery of the award; but if proceedings to confirm, modify, or vacate an award are pending in the Superior Court, only the court may make the submission to the arbitrator, and it may do so without regard to the twenty-day limitation." 617 N.E. 2d at 1022. Based upon this construction, the *Baxter* court held that an arbitrator's clarification of a final arbitration award was invalid because the party applied directly to the arbitrator for clarification while a motion to confirm the award was pending before the Superior Court. *Id.*

The same construction was afforded South Carolina's counterpart to Section 27-5-217 in *Mills v. William Clark Jeep Eagle, Inc.*, 467 S.E.2d 268 (S.C. App. 1996). Citing *Baxter*, the *Mills* court held that once a motion to confirm was filed, the trial court resumed jurisdiction, and to obtain modification or clarification a party must go through the trial court to submit the award to the arbitrator for modification. 467 S.E.2d at 269.

Asper does not cite, and the Court has not found, any decisional law from a state which has adopted the UAA that has construed the language of any counterpart to Section 27-5-217differently than the courts in *Baxter* and *Mills*.

Sitting in diversity, and guided by the holdings of *Baxter* and *Mills*, the Court is confident that the Montana Supreme Court would construe Section 27-5-217 to provide that in the case where there is a pending application for

confirmation under Section 27-5-311, only the court may modify or correct the award under Section 27-5-313 or, in the alternative, submit the application for change to the arbitrator under Section 27-5-217.

Because of her mistaken belief that she could apply directly to the arbitrator to change the arbitration award, Asper did not present a substantive argument urging grounds for vacating, modifying or correcting the award. Thus, the Court deems it appropriate to grant Asper until June 15, 2011, to file a response brief setting forth the basis upon which she urges vacating the award under Section 27-5-312, or modifying or correcting the award under Section 27-5-313. Costco may file a reply brief on or before June 28, 2011.

IT IS SO ORDERED.

DATED this 1st day of June, 2011.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge